FILED
2013 Feb-08 PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEILA ANN GARREN, | ] |
| Plaintiff, | ] |
| vs. | ] 2:11-CV-3962-LSC |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The plaintiff, Sheila Ann Garren, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Ms. Garren timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Garren was forty-five years old at the time of the Administrative Law Judge's ("ALJ's") decision. (Tr. at 182.) She has a 12th grade education that included special education courses. (*Id.* at 124, 180.) Ms. Garren can communicate

in English, but states that she can read only simple words. (*Id.* at 139, 145.)  Her past work experience includes employment as a housekeeper. (*Id.* at 119–20.) Ms. Garren claims that she became disabled on June 1, 2003, due to blood clots in her right leg and lower back pain. (*Id.* at 119.)  Ms. Garren also states that she has difficulty sleeping and walking long distances.  (*Id.*)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops.  *Id*.  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id*.  The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether

the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Garren met the insured status requirements of the Social Security Act through September 30, 2011. (Tr. at 20.)  Furthermore, the ALJ determined that, while Ms. Garren had

engaged in substantial gainful activity since her alleged disability began, this work attempt was ultimately unsuccessful. (*Id.*)  According to the ALJ, Plaintiff's mild degenerative disk disease and history of deep vein thrombosis are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, the ALJ found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id.* at 21.) The ALJ also found that Ms. Garren had other "medically determinable impairments," including anemia, hypertension, and obesity, but that these impairments did not significantly limit Ms. Garren's ability to work. (*Id.*) Furthermore, the ALJ stated that the record did not contain objective evidence showing that Ms. Garren had diminished intellectual functioning. (*Id.*)

    The ALJ did not find Ms. Garren's allegations to be totally credible, and he determined that she has the following RFC: light work with the ability to manipulate up to twenty pounds occasionally and ten pounds frequently, as well as the ability to walk or stand for about six hours a workday. (*Id.*) However, Ms. Garren cannot do any balancing, climbing, or crawling, and she should do only occasional stooping, kneeling, and crouching. (*Id.*) Ms. Garren should avoid extreme heat, cold, or humidity, as well as hazardous machinery and uneven terrain. (*Id.*)  Finally, the ALJ found that Ms.

Garren was able to read simple words. (*Id.*)

According to the ALJ, Ms. Garren is a "younger individual" as defined by the regulations, with a 12th grade education and the ability to communicate in English. (*Id.* at 24.) Concerning employment, the ALJ found that Ms. Garren is unable to perform any of her past relevant work. (*Id.*) However, the ALJ further determined that Plaintiff's lack of transferable skills from any past relevant work was not an issue in this case because the plaintiff's past work was unskilled. (*Id.*) The ALJ found that Ms. Garren has the RFC to perform a significant range of light work. (*Id.* at 25.) Even though Plaintiff cannot perform the full range of light work, the ALJ questioned a vocational expert who stated that there are a significant number of jobs in the national economy that Ms. Garren is capable of performing, such as silverware wrapper, domestic ironer, and nut sorter. (*Id.*) The ALJ concluded his findings by stating that Ms. Garren was "not disabled" under the Social Security Act. (*Id.*)

II.     Standard of Review.

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See*

*Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Id.*  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.     Discussion.

Ms. Garren argues that the ALJ's finding that she is not disabled should be reversed and remanded for two reasons. First, Ms. Garren alleges that substantial evidence does not support the ALJ's RFC assessment. (Doc. 8 at 6.) Second, Ms. Garren argues that the ALJ failed to properly develop the record. (*Id.* at 5.)

A.     Sufficiency of the Evidence.

First, Ms. Garren alleges that substantial evidence does not support the ALJ's RFC finding because the hypothetical posed to the vocational expert ("VE") was incomplete. (*Id.* at 6–7.) Specifically, Plaintiff argues that the ALJ failed to include a hypothetical encompassing Ms. Garren's obesity. (*Id.* at 6.)

To satisfy the substantial evidence standard, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). However, the Eleventh Circuit has held that the Commissioner can disregard responses to hypotheticals not supported by the record. *Graham v. Bowen*, 790 F.2d 1572, 1576 (11th Cir. 1986). An ALJ may also omit from hypothetical questions characteristics or symptoms which are not supported by medical records or are alleviated by medication. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d

1155, 1161 (11th Cir. 2004) (refusing to consider hypothetical because it was not raised at district court but noting, "[i]n any event, the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported") *and Allen v. Barnhart*, 174 F. App'x 497, 499 (11th Cir. 2006) (favorably citing *Crawford*).

Furthermore, an individual's RFC is an example of an issue that is administrative in nature, not medical. Soc. Sec. Rul. 96-5p, 1996 WL 374183 at *2 (S.S.A.). The Commissioner decides administrative issues, and the Commissioner's regulations put the ultimate responsibility of determining RFC with the ALJ. *See* 20 C.F.R. §§ 404.1527(e)(2), 404.1545(a)(3), 404.1546(c), 416.927(e)(2), 416.945(a)(3), 416.946(c). Finally, if the Commissioner demonstrates that there is work available in significant numbers in the national economy that the claimant can perform, "the claimant must prove she is unable to perform those jobs in order to be found disabled." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). When a plaintiff bases disability claims off pain or symptoms stemming from an underlying condition, the plaintiff must provide not only evidence of the condition, but must also provide evidence that confirms the seriousness of the alleged symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929; *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

In this case, the ALJ did consider Ms. Garren's alleged symptoms of obesity

(including her alleged pain, swelling, and fatigue) in his decision. (Tr. at 22–24.) The ALJ accounted for Ms. Garren's alleged obesity symptoms in his ruling, since the ALJ limited Ms. Garren to "a light range" of work, and further limited when she should stoop, kneel, or crouch. (Tr. at 21–22.) In fact, the ALJ even discussed this hypothetical with the VE, asking the VE to consider jobs for someone who is unable to lift twenty pounds and climb ladders, ropes, or scaffolds. (*Id.*) Thus, even though the ALJ did not mention the obesity condition specifically to the VE, he did ask for advice concerning Ms. Garren's alleged obesity symptoms. However, even if the ALJ did not reference Ms. Garren's pain, weakness, and swelling in relation to obesity during the VE interview, it is not necessary for an ALJ to list every symptom in his questions. *See Ingram*, 496 F.3d at 1270 (finding that ALJ did not err by failing to include claimant's "fatigue, insomnia, anxiety, and depression in the hypothetical questioning").

Furthermore, an ALJ need not consider those conditions or symptoms that do not appear credible within the record. An ALJ does not have to ask hypothetical questions regarding conditions or symptoms that he has properly discredited. *See Crawford*, 363 F.3d at 1161; *see also May v. Comm'r of Soc. Sec.*, 226 F. App'x 955, 960 (11th Cir. 2007) (citing *Crawford* favorably and noting that ALJ need not consider

claimant's hypotheticals based on discredited testimony) *and Gordon v. Astrue*, 249 F. App'x 810, 813 (11th Cir. 2007) (citing *Crawford* favorably and also finding that ALJ's hypothetical questions based on "the medical evidence and other evidence on the record that the ALJ found to be credible" was complete).

Here, many factors suggest that the plaintiff's allegations of obesity symptoms are not credible. As both the ALJ and the Commissioner's brief noted, Ms. Garren received little treatment for her alleged obesity symptoms. (Tr. at 23; Doc. 9 at 6–7.) Plaintiff never sought treatment from a specialist, and instead saw only a general practitioner. (Tr. at 23.) Furthermore, there was conflicting evidence as to what medication Ms. Garren was taking for her supposed symptoms. While Plaintiff has claimed that she has been prescribed narcotic pain medicine for her condition, she has contradicted herself at times. (*Id.* at 264.) In December 2010, Ms. Garren provided a medication list that included only over-the-counter pain medicine. (*Id.* at 149.) *See also Dyer*, 395 F.3d at 1211 (discussing how infrequent and conservative treatment undermines allegations of disabling limitations). In a 2010 consultative physical exam, Ms. Garren, while deemed moderately overweight, was able to do a variety of physical tasks, including standing on her toes and squatting to 90 degrees. (Tr. at 22, 262–63.)

Finally, Ms. Garren's daily activities are not as limited as her claimed obesity

symptoms would be expected to make them. Ms. Garren admits to regularly performing household chores. (Tr. at 168.) Also, she has worked since the alleged onset date of her symptoms. (Tr. at 97–98.) While this work did not rise to the level of "substantial gainful activity," it does show that Ms. Garren is capable of living an active life. For these reasons, the ALJ discredited Ms. Garren's assertions, and an ALJ does not have to ask hypothetical questions regarding conditions or symptoms that he has properly discredited. *See Crawford*, 363 F.3d at 1161; *May*, 226 F. App'x at 960; *Gordon*, 249 F. App'x at 813.

Ms. Garren's obesity was accounted for in the ALJ's hypothetical to the VE, as well as in the ALJ's overall findings. Furthermore, the facts of the case gave the ALJ reason to believe that Ms. Garren's alleged symptoms were not entirely credible, and thus allowed him to avoid discussing the symptoms in depth with the VE. Thus, there was substantial evidence supporting the ALJ's denial of benefits.

    B.    Failure to Develop the Record.

Ms. Garren also argues that the ALJ failed to develop the record with respect to Ms. Garren's vision problems and intellectual functioning, and that the ALJ's decision should thus be reversed and remanded. Specifically, Plaintiff argues that there should have been another consultative examination for her vision and

intellectual functioning. (Doc. 8 at 5.)

The ALJ has a duty to develop the facts fully and fairly and to probe conscientiously for all of the relevant information. *Ware v. Schwieker*, 651 F.2d 408, 414 (5th Cir. 1981). However, in all social security disability cases, the claimant bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding her impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Doughty*, 245 F.3d. at 1278; 42 U.S.C. § 423(d)(5). Furthermore, social security regulations provide that "when the evidence [on record] . . . is *inadequate* for us to determine whether you are disabled, [the ALJ] will need additional information to reach a determination or a decision." 20 C.F.R. §§ 404.1512(e), 416.912(e) (emphasis added). Therefore, where the ALJ's findings are supported by evidence sufficient for a decision, the ALJ is not obligated to seek additional medical testimony. *See Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999).

Furthermore, Plaintiff must make a "clear showing of prejudice before it is found that the [plaintiff's] right to due process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record." *Graham v. Apfel*, 129 F.2d 1420, 1422 (11th Cir. 1997). Thus, Plaintiff must show that

the lack of a record created an evidentiary gap, resulting in unfairness or clear prejudice. *See Edwards v. Sullivan*, 937 F.2d 580, 586 (11th Cir. 1991) (finding that plaintiff was not prejudiced by a lack of representation because record did not contain any discernible evidentiary gaps).

     Here, the record contained sufficient evidence for the ALJ to make an informed decision. While Ms. Garren argues that further evidence was needed concerning her vision and intellectual functioning, the record contains enough evidence on those issues for the ALJ to reach a decision on Ms. Garren's disability status. First, the consultative examination that was performed in this case accounted for Ms. Garren's poor vision. (Tr. at 271.)  The examination report notes that Ms. Garren's vision could easily be corrected with glasses. (*Id.*)  This was enough evidence on record concerning Plaintiff's vision for the ALJ to make an informed decision; thus, there was no need for another consultative examination further addressing Ms. Garren's vision. *Wilson,* 179 F.3d at 1278.

     Furthermore, there was also enough evidence on record for the ALJ to make an informed decision concerning Plaintiff's intellectual functioning. The record contains Ms. Garren's high school transcript, which shows average grades. (Tr. at 178.) Also, the ALJ took into account Ms. Garren's statement that she can read only simple

words and has difficulty spelling. (*Id.* at 21.) This is enough evidence for the ALJ to render an informed decision that Plaintiff does not have diminished intellectual functioning. *See Wilson,* 179 F.3d at 1278. Furthermore, it is the Plaintiff's responsibility to present evidence showing diminished intellectual functioning. *See Bowen*, 482 U.S. at 146 n.5. Currently, the only evidence on record that might indicate diminished intellectual functioning (other than Ms. Garren's assertion that she can read only simple words) is the fact that she took several special education courses in high school. (Tr. at 178.) This alone is not enough evidence to require a separate consultative evaluation of Ms. Garren's intellectual functioning. *See Wilson*, 179 F.3d 1277–1278 (stating that an ALJ does not have an obligation to seek additional medical testimony when the facts allow for an informed decision).

Finally, Ms. Garren makes no "clear showing of prejudice" as is required when arguing that a record was inadequately developed. *Graham*, 129 F.2d at 1422. Ms. Garren can point to no apparent evidentiary gap or other unfair prejudice; instead, she simply argues that the decision should be overturned because the ALJ did not give certain factors as much attention as she would have liked. (*See* Doc. 8 at 5.) This alone is not enough to have an ALJ's decision reversed for failure to develop the record. *See Graham* 129 F.2d at 1422 (requiring a "clear showing of prejudice" resulting in a

violation of plaintiffs' due process rights).

The record contains enough evidence for the ALJ to make an informed decision concerning Ms. Garren's vision problems and intellectual functioning. Thus, the record was sufficiently developed in this case.

IV.   Conclusion.

Upon review of the administrative record, and considering all of Ms. Garren's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. Furthermore, the Court finds that the record was sufficiently developed in this case. A separate order will be entered.

Done this <u>8th</u> day of <u>February 2013</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]